SLATER v. FYNEWEVER.

ACCORD AND SATISFACTION—COMPROMISE AND SETTLEMENT.
    In action by broker for commission on sale of defendant's farm, finding of trial court that there had been good faith controversy as to contract of sale and commission due thereunder, that the parties had settled the controversy, and that there had been accord and satisfaction, *held*, sustained by evidence.

Appeal from Ottawa; Miles (Fred T.), J. Submitted June 3, 1931. (Docket No. 59, Calendar No. 35,768.) Decided June 25, 1931.

Assumpsit by Frank Slater against Albert Fynewever for commission for selling defendant's farm. Directed verdict and judgment for defendant. Plaintiff appeals.   Affirmed.

*Charles E. Misner,* for plaintiff.

*Lokker & Den Herder,* for defendant.

POTTER, J.   Plaintiff sued defendant to recover real estate commission claimed to be due him for selling defendant's farm.   Defendant answered and gave notice of several defenses, including accord and satisfaction.   Plaintiff claims the defendant signed a written agreement as follows:

"AGREEMENT.

"Coopersville, Mich., Jan. 15, 1930.

"I hereby authorize and appoint F. E. Slater to act as my agent in the sale of the property described hereon, and it is expressly understood and agreed that if the same is sold or disposed of while he is acting as such agent, I will pay him a commission of five per cent. of the price received for said property, as compensation for his services.   Agency to terminate upon 60 days' written notice from me.

"A. FYNEWEVER. (L. S.)

"Acres:   120.

"Mortgage:

"Description:   80 acres W. ½ of S. E. ¼ sec. 25——40 acres

"E. ½ of S. W. ¼ sec. 25 Polkton.

"Price:   $11,000 net.

"Received of..................... $..........,
the same to be spent by me to advertise this property exclusively and to be deducted out of my commission when the property is sold;"

—that he procured a customer ready, able, and willing to purchase defendant's farm according to the

terms of the agreement, and by reason of his exertions defendant's farm was sold for $11,500, and there was due him from the defendant commissions in accordance with the contract less $50 paid by defendant thereon. Defendant admitted signing an agreement, but says plaintiff was to sell the farm for $12,000; the agency of plaintiff was to terminate within 60 days from the date of contract; the language of the written contract produced by plaintiff had been changed since it was signed; at the time the agreement was signed the contract did not fix the compensation of plaintiff; the description of the farm was not on the contract when signed; plaintiff refused to sell the farm for $11,500; and the real and agreed selling price of the farm was $12,000. Plaintiff admits the description of the farm might have been added, and the price fixed, $11,000, might have been added. Plaintiff denies that that part of the agreement which fixed his compensation was stricken out by a pencil before signature, but admits the contract produced by him which he says was never out of his possession, ''looks as if it might have been monkeyed with.'' At the time the farm was sold defendant refused to sell for $11,500 and pay plaintiff a commission of $525. He insisted plaintiff was to sell the farm for $12,000. Plaintiff claimed $525 for commission. Defendant claimed no such commission was due. Rather than have the deal fall through, defendant and plaintiff settled. An agreement in writing was made that plaintiff was to accept $50, in full settlement, for his services in connection with the deal. He was paid that amount by defendant, and though the contract of settlement is not produced, it is admitted by both parties to have been made. If the original contract was as claimed by plaintiff, there was no accord and satis-

faction, but the terms of the contract were disputed. It is claimed to have been added to, modified, changed, and altered in material particulars. It is not disputed it may have been changed, added to, and altered by plaintiff after signature by defendant. There was a controversy between the parties as to the terms of the agreement, such a dispute as would have prevented a sale had there not been a settlement. Plaintiff and defendant settled the controversy between them, reduced the settlement to writing, and defendant paid and plaintiff accepted the $50 rather than have the deal fail. There was sufficient evidence to sustain the trial court's findings of fact.

In 1 C. J. p. 554 it is said:

"While it is not necessary that the dispute or controversy should be well founded it is necessary that it should be in good faith. Without an honest dispute, an agreement to take a lesser amount in payment of a liquidated claim is without consideration and void. A dispute cannot be raised for the mere purpose of extorting money. And an arbitrary refusal to pay, based on the mere pretense of the debtor, made for the obvious purpose of exacting terms which are inequitable and oppressive, is not such a dispute as will satisfy the requirements of the rule."

Judgment affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.